# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 24-mj-4062
Gray Apple iPhone in a clear case, located at 501 )
Brick Church Park Drive, Nashville, Tennessee 37207 )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Middle__ District of __Tennessee__
*(identify the person or describe the property to be searched and give its location)*:

see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __February 29, 2024__ *(not to exceed 14 days)*
❐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Alistair Newbern__.
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❐ for _____ days *(not to exceed 30)*   ❐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____
                                                *Judge's signature*

City and state:   Nashville, Tennessee                    Alistair Newbern, U.S. Magistrate Judge
                                                *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                                            _____
*Executing officer's signature*

                                                                             _____
*Printed name and title*

# ATTACHMENT A

The property to be searched is one **gray Apple iPhone with a clear case**. The **TARGET TELEPHONE** is currently in a controlled environment located in the office of Homeland Security Investigations located at 501 Brick Church Park Drive Nashville, TN 37207, and is depicted below. This warrant authorizes the forensic examination of the **TARGET TELEPHONE** for the purpose of identifying the electronically stored information described in Attachment B.



# ATTACHMENT B

1. All records on the **TARGET TELEPHONE** described in Attachment A that relate to violations of Title 21, United States Code, Sections 841 and 846, including:

   i. all telephone numbers and direct connect numbers or identities assigned to the device;

   ii. call and direct connect history information, including incoming and outgoing numbers dialed or received;

   iii. telephone book or list of contacts;

   iv. photographs and images located on the Device;

   v. lists of customers and related identifying information;

   vi. any text messages which were drafted, sent or received;

   vii. stored photographs, videos and text messages that were drafted, sent or received;

   viii. any stored media;

   ix. GPS location history;

   x. internet search history;

   xi. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   xii. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   xiii. any information recording itineraries, schedule, or travel; and

   xiv. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **TARGET TELEPHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.